## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND *v.* DEMYAN

[Misc. Docket (Subtitle BV) No. 16, September Term, 1975.]

*Decided September 14, 1976.*

The cause was submitted to MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

PER CURIAM ORDER.

The Court having considered the recommendation of the panel of Judges that Michael Demyan be reprimanded and no exceptions to the recommendation having been filed by the Attorney Grievance Commission or the respondent, it is this 14th day of September, 1976

ORDERED, by the Court of Appeals of Maryland, that the recommendation of the panel be, and it is hereby adopted; and it is further

ORDERED that Michael Demyan be, and he is hereby, reprimanded.

/s/ Robert C. Murphy
Chief Judge

## RECOMMENDATION

This matter came on for hearing in the Circuit Court for Anne Arundel County, in the Fifth Judicial Circuit of the State of Maryland on February 23, 1976 before the

undersigned judges of the Circuit Court of Anne Arundel County, all of whom were duly appointed by the Chief Judge of the Court of Appeals of Maryland. The court heard the charges as set forth in the petition filed in these proceedings by the Attorney Grievance Commission of Maryland for disciplinary action against Michael Demyan, a practicing attorney in Anne Arundel County. The Grievance Commission was represented by L. Hollingsworth Pittman, Esquire, and the Respondent Michael Demyan was represented by Theodore G. Bloom, Esquire, of the law firm of Goodman and Bloom.

It is found by this court that the Respondent, as stated in the first charge, did in fact violate DR6-101, Code of Professional Responsibility, by unprofessionally neglecting to ensure the execution of certain deeds by one James E. Smith to Respondent's client, Leona R. Smith. Although Respondent received in October 1972 a cashier's check for $400.00 payable to his client and her husband's attorney and endorsed by them to the Equitable Trust Company as part payment of a joint judgment, Respondent failed to forward such payment to the bank until August 1973. Respondent also held funds given him by his client to pay the balance of the judgment, but did not do so until June 23, 1975, following a hearing before the Grievance Committee.

This court finds that Respondent, as alleged in the second charge did violate DR9-102 A and DR9-102 B(1), (3), Code of Professional Responsibility, by failing to acknowledge receipt of his client's check for $300.00 which he was to send to the Equitable Trust Company in part payment of a judgment; failing to deposit same in a bank account which would keep it separate and identifiable; failing to promptly disburse his client's funds; and failing to promptly account to his client for those funds.

This court further finds that the Respondent is not in violation of DR1-102 A (4), Code of Professional Responsibility, as alleged in the third charge, in that his conduct did not involve dishonesty, fraud, deceit or misrepresentation, but rather that Respondent acted

negligently, having misplaced his check to the Equitable Trust Company, which he later found.

From the evidence adduced, it is obvious that the entire transaction was the result of the carelessness and negligence of the defendant and the inefficient and unbusinesslike manner in which his office was operated. There is no evidence whatever that there was any dishonesty, fraud, deceit or misrepresentation in his conduct or the handling of this entire transaction.

Therefore, it is the recommendation of this court to the Court of Appeals of Maryland that the Respondent, Michael Demyan, receive a reprimand for his violation of the above Disciplinary Rules.

/s/ W. Harvey Beardmore, J.

/s/ James L. Wray, J.

/s/ Matthew S. Evans, J.
Chairman